IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELITO MENDES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-1613-VAC |
| | : | |
| CENTURION,  et al., | : | |
| | : | |
| Defendants. | : | |

Elito Mendes, Moshannon Valley Processing Center, Philipsburg, Pennsylvania.
Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


May 11, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Elito Mendes was an inmate at Sussex Correctional Institution in

Georgetown, Delaware, when he filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3).

Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I.

5).  He requests counsel.  (D.I. 7).  The Court proceeds to screen the Complaint

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

**BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for

purposes of screening the Complaint.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542

F.3d 59, 64 (3d Cir. 2008).  Plaintiff alleges deliberate indifference to serious medical

needs in violation of the Eighth Amendment.  (D.I. 3 at 4).  Centurion and nurse Loretta

Higgins are the named defendants.

Plaintiff seeks compensatory and punitive damages.  (*Id.* at 8).

**SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening

provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448,

452 (3d Cir. 2013).  *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison

1

conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

2

(2007).  A plaintiff must plead facts sufficient to show that a claim has substantive

plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim

asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take

note of the elements the plaintiff must plead to state a claim; (2) identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth;

and (3) when there are well-pleaded factual allegations, assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane

Constr. Corp*., 809 F.3d 780,787 (3d Cir. 2016).  Elements are sufficiently alleged when

the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience

and common sense."  *Id.*

## DISCUSSION

Plaintiff alleges Defendants violated his constitutional rights under the Eighth

Amendment due to the lapse in time between an injury to his finger and surgery.  A

prison official's "deliberate indifference to serious medical needs of prisoners" is a kind

of cruel and unusual punishment "proscribed by the Eighth Amendment."  *Estelle v.

Gamble*, 429 U.S. 97, 104 (1976).  In order to set forth a cognizable claim, an inmate

must allege (i) a serious medical need and (ii) acts or omissions by prison officials that

3

indicate deliberate indifference to that need.  *Id*.; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A "failure to provide adequate care . . . [that] was deliberate, and motivated by non medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  Negligent treatment does not give rise to a constitutional violation.  *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004).

Two weeks after his injury, Plaintiff was seen by Higgins.  She treated him, ordered an x-ray, and referred him to see a physical therapist.  With regard to Centurion, Plaintiff was seen by a nurse on the same day as his injury, treated by Higgins two weeks later, received physical therapy, x-rays were taken, and he had surgery in July 2021.  The allegations reveal that Plaintiff received continuous treatment.  Plaintiff's disagreement with the treatment provided and his belief he should have been seen by an orthopedist sooner fail to state an actionable claim under the Eighth Amendment.  *See Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." (quotation marks omitted).  Finally, there are no allegations that any delay in treatment was due to non-medical factors as required to state a claim for delay of medical treatment.

The Complaint fails to state cognizable claims for violations of the Eighth Amendment and, therefore, it will be dismissed.  While amendment is probably futile, the Court will grant Plaintiff an opportunity to amend.

4

**CONCLUSION**

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's request for counsel (D.I. 7); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

An appropriate Order will be entered.

5